# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1144 | **DATE** | 12/2/2002 |
| **CASE TITLE** | Ecole Smith vs. GMG Partners, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Smith's motions in limine to exclude (31-1, 32-1) are both granted. Smith's motion in limine to bar evidence (33-1) is granted in principal part and denied to a limited extent. GMG's motions in limine (26-1, 27-1, 28-1) are denied. GMG's motion in Limine to exclude and bar is denied in its entirety (30-1, 30-2). As to Smith's motion (34-1), she is ordered to file a reply to GMG's response on or before December 13, 2002. And as for GMG's motion (29-1), this Court awaits Smith's prompt response (if any).

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 03 2002 | |
| | Docketing to mail notices. | | | 42 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 12/2/2002 | |
| | | courtroom | | date mailed notice |
| SN | | deputy's initials | 02 DEC -2 PM 3:55 | SN |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ECOLE SMITH,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )   No. 01 C 1144
                                )
G.M.G. PARTNERS, L.L.C.,        )
                                )
            Defendant.          )

## MEMORANDUM OPINION AND ORDER

Both plaintiff Ecole Smith ("Smith") and defendant G.M.G. Partners, L.L.C. ("GMG") have filed timely motions in limine and, with one possible exception,[1] timely responses to the other parties' like motions in this case, which is now ready for trial in conformity with the final pretrial order ("FPTO") that the parties jointly submitted and that this Court entered on October 11, 2002. This memorandum opinion and order addresses those motions in limine.

### Smith's Motions

Smith's Motion in Limine To Exclude Evidence, Remarks, Suggestions or Statements of Counsel in the Jury's Presence or Hearing Related to Fee-Shifting, Attorneys' Fees or Costs of Litigation (Dkt. 31) and Motion To Exclude Witnesses (Dkt. 32)

---

[1] This Court has been unable to locate Smith's response to GMG's Dkt. 29 motion in limine (relating to possible testimony by Dwayne Smith as to Smith's emotional state and alleged psychological damages), even though all of Smith's other responses were filed as scheduled on November 25. This Court's minute clerk has reported that no such response is reflected in the court file or on the docket.

have not been objected to by GMG, and both are granted. It is true that GMG has misconstrued the second of those motions (which invokes Fed. R. Evid. ("Evid. Rule") 615) as bearing on who may testify during the trial, rather than being limited to the exclusion of witnesses from hearing others testify--hence GMG has requested that the bar not extend to "other witnesses whose presence is shown by defendant to be essential to their presentation of the cause." But no such target has in fact been aimed at by Smith's motion, and any cautionary exception of that sort is totally unnecessary.

Smith's Motion in Limine To Bar Evidence of Statements and Documents Submitted to the Illinois Department of Employment Security (Dkt. 33) has triggered an extended response from GMG. On that score, the ensuing close analysis calls for the motion to be granted in principal part and denied to a limited extent, and this Court so orders.

Smith's lawsuit comprises claims (1) of sex-based employment discrimination, assertedly demonstrated by her transfer and demotion, and (2) of retaliatory discharge stemming from her assertion of having been a victim of such discrimination. What GMG wants to get into evidence in opposition to those claims is an adverse decision by a Hearing Referee in Smith's unemployment compensation claim that she filed after being fired.

Illinois public policy, expressed by its General Assembly in

820 ILCS 405/1900, expressly forecloses "information obtained from any individual...during the administration of [the Illinois Unemployment Insurance] Act" from being "used in any court in any pending action or proceeding other than one arising out of this Act." Although such state privileges are not binding as such in federal litigation (see Evid. Rule 501), our Court of Appeals has noted as to a comparable Indiana statute "that the action of the legislature serves to underline the uniqueness of such proceedings, a uniqueness that counsels against the use of those proceedings even without reference to the...statutory limitation" (McClendon v. Ind. Sugars, Inc., 108 F.3d 789, 798 n.11 (7th Cir. 1997)). And to that end McClendon, id. at 798 expressly contrasted the issues in unemployment compensation proceedings with those posed by a retaliation claim.

It is also worth noting both (1) that Smith was apparently unrepresented by counsel in the unemployment compensation proceeding and (2) that the stakes in such a proceeding are dramatically different from those in a Title VII lawsuit such as this one--factors that courts have taken into account in resolving issues such as those presented here. And to admit into evidence the decision of a Hearing Referee, unreviewed by a state judicial officer, poses the undue risk that the jury in this case might attach undue weight (perhaps even binding force) to that determination. Finally, GMG's effort to parallel the situation

3

to the one that this Court dealt with earlier this year in Robinson v. Gerritson, No. 01 C 1040, 2000 WL 1052402 (N.D. Ill. May 21) is misguided--there the outcome of the unemployment compensation proceeding was admitted *not* for its own substantive value but rather as bearing on the knowledge or lack of knowledge of that outcome on the existence of probable cause for an arrest.

By way of contrast to the inadmissibility of the Referee's decision itself, *statements* that Smith may have made during the course of that proceeding can qualify for admissibility under Evid. Rule 801(d)(2)(A). According to the Referee's Decision, Smith there "conceded she had let the merchandise out of the store without payment and she agreed that she had not turned in a doctor's note" concerning her absence from work during part of April 2001. As to the first of those matters, if Smith denies that as a factual matter at trial, GMG may call the Hearings Referee to testify otherwise. As to the second matter, this Court's understanding from the parties' filings is that Smith has not contested that, but that she is instead asserting that her delivery to GMG of a "Patient Instruction Sheet" from the doctor, coupled with GMG's having allowed her to return to work after she provided that document, resolves the issue against GMG (more of this later). But whichever side's version may prevail on that legal issue, it does not appear that the absence of a "doctor's note" is controverted (thus presumably mooting that issue).

4

In summary, Smith's motion for exclusion of both the decision and the document evidencing that decision in her unemployment compensation case is granted. GMG is, however, permitted to introduce the admissions that Smith may have made during the course of that proceeding.

Finally, Smith's Motion in Limine Barring and Prohibiting the Mention or Introduction of Documents Not Previously Produced by Defendant During Discovery in This Matter and To Bar Witnesses Not Previously Disclosed by Defendant Pursuant to Rule 26, Fed.R.Civ.P. (Dkt. 34) has also been responded to at length by GMG--this time with a memorandum and voluminous exhibits. Here the parties have provided a living example of the familiar phrase from Longfellow's <u>Tales of a Wayside Inn</u>: "Ships that pass in the night." GMG's version of what things had or had not been disclosed, and hence as to what matters should or should not be barred as evidence, is dramatically at odds with Smith's presentation. That situation necessitates the filing of a reply by Smith so that this Court may sort out the extent to which it may rule without further input, or conversely the extent to which it might even have to conduct an evidentiary hearing to that end.[2]

---

[2] At least on the face of things there appears to be one exception, that relating to whether GMG produced the employment files of its employees Gatewood, Young and Carter, as Smith's counsel asserts and GMG's counsel denies. Just how do GMG's lawyers claim that Smith's counsel got hold of those documents if

## GMG's Motions

GMG's Motion in Limine To Exclude April 18, 2001 Letter from Plaintiff's Counsel to Defendant's Counsel (Dkt. 26) has elicited a persuasive response from Smith. It is frankly nonsensical for GMG to contend that the challenged letter is not relevant to Smith's retaliation claim, given Smith's termination some two weeks after her lawyer received and apprised GMG's lawyers of the statement by then supervisor Willie Carter that Smith and her counsel consider to be "smoking gun" evidence of sex-discriminatory bias and action. And the notion that the letter from GMG's opposing counsel to its own counsel "violates GMG's attorney-client privilege" (GMG Motion at 2) is truly bizarre.[3]

This Court is also constrained to add its displeasure at GMG's lack-of-foundation contention. One of the primary functions of an FPTO is to make sure that such issues are gotten out of the way before the case goes to trial (except of course where there is a real concern as to the authenticity of a

---

not from GMG? And relatedly, it is difficult to understand how in good conscience GMG's counsel can make this statement in that regard (GMG Response Mem. 3, emphasis added):

> Not only has defendant never produced these documents, <u>defendant had never been in possession of the employment files</u>.

[3] Apart from the obvious point that the letter itself is not privileged, it is worth noting that notice to a duly authorized agent of a client (something that certainly describes the lawyers' role) is notice to the client itself.

6

document--whether it is legitimate or bogus). And it is surely ironic for GMG's law firm, having leaned heavily in its response to Smith's Dkt. 34 (discussed in the preceding section) on the authenticity of one of its own letters based on its practice of maintaining a copy of transmitted letters in its own files, to raise the foundation issue here. This Court expects that aspect of GMG's objection to be withdrawn pronto.

Finally, all of GMG's other nitpicks are wholly meritless. In sum, GMG's Dkt. 26 motion is denied.

GMG's Motion in Limine To Exclude "Patient Instruction Sheet" of Plaintiff as It Is Not Relevant and Is Inadmissible Hearsay (Dkt. 27) is equally without merit. To argue that the document is not relevant is entirely frivolous, for Smith relies on the delivery of that document to GMG, coupled with the fact that despite the absence of a formal release from the doctor, GMG permitted her to return to work after she delivered that document.[4] Next, once again any objection by GMG as to lack of authentication is expected to be resolved in real-world terms. And finally, GMG's hearsay objection misses the point that the purpose for which the document is offered goes to the fact of its delivery to GMG, not as to the truth of the matters asserted in

---

[4] This Court neither makes nor implies any substantive ruling on the persuasiveness of that argument. All that is necessary at this point is that the matter is for the trier of fact to resolve in light of the parties' competing contentions.

the document. Hence GMG's Dkt. 27 motion is also denied.

GMG's Motion in Limine To Exclude Evidence Remarks, Suggestions or Statements of Any Witness Concerning an Alleged Statement Made By Willie Carter as Well as Any Statement Made By Willie Carter as Discussed Herein (Dkt. 28) must likewise be denied. Willie Carter's asserted statement that "he and the partners needed a strong black woman at this store to help bring the store numbers back up," a statement relied on by Smith to evidence GMG's sex-based discriminatory intent, is paradigmatic nonhearsay under Evid. Rule 801(d)(2)(D). And the characterization of that statement as "only one isolated comment made by Carter which was subsequent to the employment decision which effected [sic] Plaintiff" (GMG Motion at 3) misses the point entirely. As a statement evidencing the asserted reason for the adverse employment action, it is just as probative when made after the decision as if it had been made contemporaneously. Here too the matter is for the jury to decide, and GMG's Dkt. 28 motion is also denied.

Finally, GMG's Motion in Limine To Exclude Certain Documents Not Produced by Plaintiff in Discovery and To Bar the Undisclosed Testimony of Eric Gatewood (Dkt. 30) seeks to bar both that testimony and three sets of documents:

    1. Gatewood's payroll change notices;

    2. Willie Carter's payroll change notices and

3. Willie Carter's attendance records.

This opinion's n. 2 has already spoken to the questionable contention that counsel for a terminated employee has obtained such employer documents in some manner other than from the employer's delivery of such documents--and again it is particularly puzzling, given the GMG-generated nature of the documents, to understand this assertion in the affidavit by one of GMG's lawyers:

> That the first time Defendant has been provided a copy of these documents was on October 24, 2002, when copies were requested from Plaintiff's counsel.

To turn from that mystery to the substantive issues posed by GMG's challenge, Smith responds that the "documents are relevant because they demonstrate how the plaintiff was treated differently than male employees and should be admitted into evidence" (Smith Response at 2). That contention is persuasive if the documents prove to be as advertised (something that this Court is not in a position to determine in a vacuum). So the motion to bar on that ground is denied, but without prejudice to its possible renewal in the context of the trial itself.

As for the Gatewood testimony, GMG cannot complain when its own answers to interrogatories and its own responses to Smith's request for production of documents have identified him, and when Smith said in her response to GMG's Int. 17 asking for the names and addresses of each individual that Smith intended to call as a

9

witness at trial (emphasis added):

> <u>Plaintiff</u> has not determined whom she intends to call as a witness at trial in this matter, but <u>reserves the right to call any individual identified in Plaintiff's or Defendant's responses to discovery requests</u>.

Accordingly, the GMG Dkt. 30 motion is denied in its entirety.

## Conclusion

What has gone before disposes of all but two of the motions in limine. As to Smith's Dkt. 34 motion, she is ordered to file a reply to GMG's response on or before December 13, 2002. And as for GMG's Dkt. 29 motion, this Court awaits Smith's prompt response (if any).

_____
Milton I. Shadur
Senior United States District Judge

Date: December 2, 2002