Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1144 | **DATE** | 12/16/2002 |
| **CASE TITLE** | Ecole Smith vs. GMG Partners | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. GMG's motion in limine (29-1) is denied. Smith's motion is limine to bar all Murray Discount stores documents is granted. (34-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | DEC 17 2002 date docketed | 44 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 12/16/2002 date mailed notice | |
| | Copy to judge/magistrate judge. | SN mailing deputy initials | |

SN — courtroom deputy's initials

U.S. DISTRICT COURT CLERK
02 DEC 16 PM 4:33
FILED-ED 10
Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
DEC 17 2002

ECOLE SMITH,

Plaintiff,

v.

G.M.G. PARTNERS, L.L.C.,

Defendant.

No. 01 C 1144

MEMORANDUM OPINION AND ORDER

This Court's December 2, 2002 memorandum opinion and order ("Opinion") addressed and disposed of all but two of the motions in limine that had been filed by plaintiff Ecole Smith ("Smith") and defendant G.M.G. Partners, L.L.C. ("GMG") in conformity with the final pretrial order that the parties had jointly submitted and that this Court had then entered on October 11, 2002. This second memorandum opinion and order deals with those open items, based on the submissions from Smith's counsel called for in the Opinion's Conclusion section.

As for GMG's Dkt. 29 motion, which seeks to bar testimony by Smith's husband Dwayne as to her emotional state and alleged psychological damages, Smith's response confirms the emptiness of GMG's objection. Dwayne Smith is not proffered as an "expert" under Fed. R. Evid. ("Evid. Rule") 702. Instead it is anticipated that he will testify briefly as to his observations of Smith before and after the adverse employment decision that forms the gravamen of her claim, to assist the jury in its

44

evaluation of whether Smith did or did not sustain such intangible harms and, if so, its evaluation of the extent of such harms. To the extent that such first-hand observation testimony may implicate the expression of opinion, it fits well within the ambit of Evid. Rule 701.

GMG's only effort to supply a rationale for its objection to such testimony is wholly unpersuasive:

> Further, Ecole Smith will testify to her own damages and Dwayne Smith's testimony would merely be improper bolstering. As such, any opinion testimony by Dwayne Smith would be superfluous and properly barred.

Any trier of fact is entitled (and is likely) to view a litigant's self-evaluation as particularly suspect--the product of the ultimate bias that any witness can possess. Although the testimony of a witness' spouse will also be subject to effective cross-examination and to counsel's argument on the same ground of bias, the spouse will be speaking of external manifestations rather than of the purely internal subjective characterization presented by the plaintiff's own testimony. This is a classic situation for a credibility determination by the trier of fact (the jury), not for a threshold cutoff by the court.

To turn to Smith's Dkt. 34 motion, her just-filed reply has specified three categories of documents that were at issue in her motion to bar documents not produced and witnesses not disclosed by GMG:

1. documents that GMG claims it produced on May 28,

2002;

2. an April 3, 2001 report by Arnie Martinez ("Martinez"); and

3. records from Murray Discount Stores.

Again Smith, having withdrawn the second of her objections, has all the better of the dispute as to the first and third items, and her motion is granted in those respects.

As for the first category of documents, Opinion at 5 n.2 had already expressed grounds for major skepticism regarding GMG's claims of having produced them. Smith's Reply at 2-6 and its associated exhibits have provided chapter and verse to support the exclusions she claims, persuasively undercutting GMG's position to the contrary. Smith's motion in that respect is granted.

As for the Martinez report, Smith's Reply at 7 identifies a misunderstanding that led to her original objection. Based on her current statement of understanding, this Court treats that objection as withdrawn.

Finally, GMG never produced or identified the Murray Discount Store documents in its response to Smith's applicable discovery request. Instead, here are the request and GMG's answer:

> 25. Any and all other discoverable data in this matter which may be used to refresh the recollection of witness at deposition or trial or as evidence at trial in defense of the complaint, answer or affirmative

defenses, if any.

> Answer: None, other than those documents previously produced in response to this production request, or produced by Plaintiff. Investigation continues. (See Exhibit 6).

That answer was never supplemented as required by Fed. R. Civ. P. 26(e). Accordingly Smith's motion to bar all Murray Discount Stores documents is granted.

## Conclusion

This opinion has disposed of the remaining motions in limine tendered by the parties. This Court's minute clerk will shortly set the case for trial.

Milton I. Shadur
Senior United States District Judge

Date: December 16, 2002